Good afternoon, ladies and gentlemen. We're ready to hear argument in the case of the United States v. Williams. Mr. Pennington. Thank you, Your Honors. May it please the Court, Chad Pennington on behalf of the appellant on this matter, Mr. Adam Williams. This report when presented with a motion for sentencing modification under the First Step Act has two baseline requirements. First, it must consider the party's presented arguments, and second, it must consider the evidence presented and the record presented. In this case, on both occasions, in the 2021 order and the 2023 order, the District Court failed that baseline requirement. Neither considered the record presented nor the arguments presented. I'd like to start with the record and the problems. With the record analysis here in this case, the District Court made a conclusion based on Judge Lozano's findings in 2015 that Mr. Williams remains at community risk. That conclusion wasn't based in the actual record presented. It wasn't based in the facts presented. Mr. Williams had been released from a custodial setting before the 2023 order had been issued, roughly in 2021, pursuant to the CARES Act relief. He was doing very well on home confinement. He was taking classes. Well, let me ask you this, because the order does say, I'm reading from the bottom of page 4 of the District Court's order, which is in your appendix at 43, as recommended by Shaw, the court, he's speaking of himself, considers defendants' pre-sentence and post-sentence conduct. So why isn't this reference to post-sentence conduct sufficient to give us assurance that he did consider the fact that Mr. Williams had now been released and was doing very well in this community confinement setting? Certainly, Your Honor. I think that in some circumstances and in some cases, that would be adequate. But I don't think the reference in and of itself is tailsmanic. I think the difference here is that we were dealing with an order that had been remanded once. And in addition, the judge, again, in both occasions but in the second occasion, he rooted the analysis in Judge Lozano's findings in 2015. And the facts had changed. So if the judge is saying, I see things largely the same way Judge Lozano did, but I considered all of the evidence, but he's not analyzing in any way the record presented, and that includes the post-custodial conduct, I don't think that that citation, that reference, Your Honor, it's entitled to controlling weight. The difference here is that the judge is relying on a previously issued order in 2015, and then he sees things the same way. Well, the judge has to make a finding specifically or has to analyze why he's seeing things the same way as a judge did in 2015, nearly a decade before. I think just the reference itself, Your Honor, that is different. That's distinguishable. Do you think, Mr. Pennington, that there's something at this level analogous to the requirement at normal sentencing that the judge has to say a word about the defendant's principal arguments? I mean, we know that at the regular sentencing here, at least in the order that's actually before us, the judge didn't say anything about the particular arguments that Mr. Williams was raising. I hope this answers your question, Your Honor. I think with the Supreme Court's guidance in Chauvin's is that, effectively, the court has to consider the arguments presented to permit meaningful appellate review. And I think in this particular case, Chavez's case holds that complexities of a given case are such that it requires an individual assessment, and I don't think we can make that inference. In this particular case, the lack of a citation to the post-release conduct, to the vocational training, how well he was doing at home confinement, I think that does warrant the reversal. I think in this given case, Your Honor— Well, those seem to be his principal arguments for the relief he's seeking now, as opposed to, you know, whatever else he had done over the years. I would agree, Your Honor. I think that change in circumstance is what is pushing the argument here that he should get— I understood my colleague to be asking a legal question about whether it is legally necessary in dealing with this kind of motion for a judge to address the arguments one by one. We require that in sentencing, but these kinds of post-judgment motions are generally viewed as not sentencing. So does the requirement carry over? That's a legal question which can't be answered by reference to the facts of this case. So how is the legal question answered? Your Honor, I think that it would require an analysis of the actual legal arguments presented and how they relate to the relief. And what would be your principal authority for that? Your Honor, I would cite to this Court's decision in Shaw. I would cite to this Supreme Court's decision in Chavez-Mesa. And when we look at a 3582C position or an argument raised, that what exactly is being analyzed is the facts and it's the law and it's the merger of the two, Your Honor. Well, the question really is, you know, you made a more global argument that in order for appellate review to be effective, you have to have some idea of what the district judge is doing. And we have an order in front of us, but it doesn't address these post-sentence— other than just where he says the Court considers defendants' pre-sentence and post-sentence conduct, as Judge Jackson Acumi noted. But it doesn't say anything about it that was different from what had been said before. It's actually verbatim. I don't know if it was cut and pasted, but whatever, it's verbatim. So a notion that the principal arguments— nobody thinks every last argument has to be addressed, but that the principal arguments should be addressed— might be something that's necessary for appellate review, or maybe it isn't. Maybe these are so summary that this is enough. Your Honor, I think— it hopefully allays your concern, Judge Easterbrook— sometimes that may be enough. But I don't— I think the context here matters, the fact that we are dealing with a remanded order. This Court expressed some skepticism with the district court's treatment of the arguments raised in the initial Williams opinion in 2021. And I think the treatment, specifically, the principal arguments in this particular case are such that it required at the district court gate. I think the legal arguments can be fairly fixed. The law is the law. We're dealing with 3553, 3582C. But the facts here, I think, really matter. And what I was trying to say earlier is connecting those facts and the law and the merger of the two, and that is specifically what needed to be done better here. It's connecting the two. I think your answer to Judge Wood that, you know, sometimes is actually quite right based on So, Chavez-Mesa is saying, in some cases, it may be sufficient for purposes of appellate review that the judge simply relied upon the record while making clear that he has considered the party's arguments and taken account to 3553A. But in other cases, more explanation may be necessary, depending perhaps upon the legal arguments raised as sentencing. So what's your best, most succinct explanation for why this case falls in the second category, that in some cases, more explanation would be necessary, rather than the first category, where, you know, appellate review is fine if the judge just relied on the record while making clear that he considered the party's arguments and 3553A factors? Your Honor, I think there's two basic principles here at work to support our strongest argument. One is that the district judge here, he's still grounding the analysis in 2015. He shouldn't have done that. I think, second, Your Honor, it's the changes in the circumstances specifically where additional analysis was needed, the vocational training, the confinement, how well he'd been done from, how well he'd been doing from post-release confinement. When the judge says in this order, I find him to be a community risk, but he had been released at that point and doing quite well. To say he's still a community risk, it required more than just rotely saying, I still find him to be a community risk. There should have been some assessment of those facts. And if Your Honor's permitting, I'd like to reserve the remaining time for rebuttal. Certainly, counsel. Mr. Heller. Thank you, Your Honors. I may have pleased the court. I guess I'd like to go right to the legal question that Judge Wood posed first and I believe all three of you addressed. So, the government's answer to that question would be no. There is no legal requirement that the principal arguments or that the arguments be addressed. What Chavez-Mesa says and what Fulwe says is the court must have considered those arguments, but there is not the level of requirement that is present in the 3553 context and in the initial sentencing context. And I don't think that there's any way that the and in Fulwe would ever have been affirmed at an initial sentencing by this court or by the Supreme Court. In both instances, in Chavez-Mesa, the defendant initially had a sentence at the bottom of the guideline range and the district court entered a form order reducing the sentence, but not to the bottom of the guideline range. And the Supreme Court said, well, we can intuit based on the record that the reason might be that there was some prison misconduct and might be some of the statements that the defendant made at the initial sentencing. But the district court never said any of that and the court said in Chavez-Mesa that was enough. And in Fulwe, I don't know that I can sit here and tell you that the defendant's principal argument was his Ruth argument, but it was certainly one of his arguments. It was his newest argument. It was the argument he raised in his supplemental briefing and the district court simply said, I reviewed the supplemental briefing. It said nothing else about why the Ruth argument was Chavez-Mesa. And the part that I was reading to Mr. Pennington, in some cases it may be sufficient for purposes of appellate review that the judge simply relied on the record while making it clear that he considered the party's arguments and taken into account of the 3553A. So here, can you point us to where Judge Moody has made it clear that he considered Mr. Williams' arguments in his most recent motion, his updated motion from 2020, 2023? Right, in the June 2023 order? Well, first of all, Your Honor, I... What do we look to? So to answer your... I disagree a little with your premise. I'd like to address that later. The only things that are present in the record that the court can look to are what you pointed out on page four of the order. The district court said it was considering the pre-sentence and post-sentence conduct. And the only other thing that we can point to in the record, Your Honor, is on page seven, the district court does specifically state it's denying both motions, both the docket entry 4453, which was the initial motion, and docket entry 488, which was the new supplemental motion that the defendant filed. So it's not... Let me stop you before you go much further. The reason I asked you about Williams' updated motion is because it's clear to me that Judge Moody did read our remand order, and that you don't have to argue to us. It's clear. He changed the statutory numbers. He changed the numbers there. He read the chief reason we remanded the case. So that's why I'm not asking where is it clear that he read the remand instructions. Sure. I'm asking... We're looking for a complete review of the motion on the merits, according to our case law. Right. I'm looking for indications of that, and you've just told me it's page four, page seven. That's what I have, Your Honor. Yes. I mean, I don't see anything else in the remand order, other than his statement that he considered pre-sentence and post-sentence conduct, and his statement that he was denying not just the old motion, but the updated motion. So how can you do appellate review on that basis? So in any case, the judge just has to say, I considered everything, period. And we don't know whether he even knows if Mr. Williams is on home confinement or anything of the sort. We have no clue with these conclusory statements. That's, to me, not very different from the level of review that the Supreme Court gave in Chavez-Meza and that this court gave in Fulwe. This court has given pretty short review in other cases, Clay. In Chavez-Meza, it was the same district court judge who had done the sentencing and then had this form order on re-sentencing. Here, we have some rather unique facts. We've got Judge Moody taking over for Judge Lozano, and the first time he does it, we remand and say, the explanation is missing. Plus, you've got the statutory numbers wrong. And then we're back again. So should the facts matter to us? I mean, I guess the facts, I think, always matter. And Chavez-Meza, though, does not say. Chavez-Meza specifically reserves the question of whether any level of review is required at all. I mean, the United States' argument in Chavez-Meza was the district court doesn't have to give any explanation at all. It had a textual argument for that. That's at the beginning, if you read from the beginning of the Chavez-Meza opinion. And the Supreme Court said, we're not going to decide that question. So as I read the portion of Chavez-Meza that you're looking at, Your Honor, I read that based on its earlier position to say, we're not deciding whether, in some extreme case, we might require an explanation. We're saying that on these facts, the facts of Chavez-Meza, we're not. And I would submit that the facts here, as in Chavez-Meza and as in Fawoey, some judges would give credit for and some judges would not. And to delve into the facts just a little bit, a few points I want to make out. The district court did not state that he, I mean, the district court statement about public safety was that he viewed the defendant as a threat to public safety, given the nature of his prior crimes. So that's not some sort of comment about what his custodial status was. That's based on the fact that he had committed- He uses the word still. He said defendant still represents a threat. Based on the nature of his prior crimes. That's on page six. Poses a threat to public safety, given the nature of his prior crimes. So it's not, that to me is not some indication that he's under the misimpression that the defendant's in a maximum security prison or something. But it does make it very odd. It makes you think that it actually doesn't make any difference that he's actually living outside of a correctional institution. I don't- Well, I mean- Again, in Chavez Mesa, the court came up with reasons why a judge might think that. The judge didn't have to put them on the record. And here as well, the defendant had been on him confinement for a couple of months at the time. The only report that had given, he'd been out for six weeks and he didn't have a job and he failed his driver's test and he had health issues. I mean, I'm not disputing that the Bureau of Prisons let him out, but this isn't the most compelling post-release conduct that we've ever seen. So to the extent that the- I don't know what you're looking for then, to be honest, because this is a pretty successful, even for six weeks, record. I'm not disputing that some judges would view it that way, but I believe the standard from Chavez Mesa and the standard from essentially just is there- Do we believe that the judge looked at all this and is there a rational explanation for it? Well, there's a reason to think the judge didn't in that the motion was filed on one day and the next day, Judge Moody denies it. Well, I mean, that just- Maybe he wasn't very busy and he read the motion. I don't know. I've gotten opinions from this court the day after I've issued them. I don't think it's because the court didn't consider the issues. So I personally don't read- The government doesn't read anything into that, Your Honor. I think there is a very minimal and a very deferential standard of review here. I grant you there is not a lot. Much of this is from the prior opinion, but- You know, there's an odd thing too in this order. It retains the final paragraph of the first order saying the court denies defendant's request for a hearing on the present motion, and there is no such request this time around. So I think in his interest in being efficient, you know, maybe he didn't distinguish as much as he might have. Well, look, I'm quite convinced that Judge Moody had the prior order in front of him when he was going to dispute that. And I do believe he looked carefully at the court's prior order, and he stated he reviewed the 488 motion for reduction in sentence. I mean, both motions were still pending before him. I believe this court's remand order essentially resurrected the first motion, and frankly, the court could have ruled on that. So I suppose to some extent, the entire motion was still alive. But again, I don't- It's a little- I would not read that in that manner. I mean, if- The court, I think, should follow Chavez-Mesa and should follow Fouawe. And under that very deferential, minimal level of review, we believe there is enough here for the court to affirm the district court's order. Thank you, Your Honor. Thank you, Mr. Holler. Mr. Pennington, anything further? With respect to the level of review that's been required in Chavez-Mesa, I can say that this court, irrespective of what Chavez-Mesa held, in Shaw and in Williams, but in Shaw specifically, said that the review had to be sufficient, that it enabled meaningful appellate review, and that's not the case here. How did Chavez-Mesa satisfy that when the only thing that happened  we have overridden the holding of Chavez-Mesa? I would agree with that, Your Honor, certainly. What I'm trying to say is that this court, in the context of a 3582 motion in Shaw, said that the explanation with respect to that given defendant, Mr. Robertson, I think was his name, it was inadequate because it was effectively silent, and that silence in that case had to work against the review. How is that any different from Chavez-Mesa, where all the judge did was check a box? Your Honor, I think one difference, a considerable difference, is that this is a post-remand order, and as opposing counsel just admitted, or I wouldn't say admitted, but offered, is that you still had the original order, you still had that in place, and the remand order here was, there's a substantial error here, and that's plain, but there's another one, there's something else, and it's that existing problem, which was the lack of consideration of the presented arguments, and the district court here didn't, really made no effort to address that argument. The argument really sounds a lot like Justice Kennedy's dissent in Chavez-Mesa. Well, the fact that three justices of the Supreme Court took a position certainly means it's a respectable position, but I should think we're bound by the majority. I would agree, Your Honor, I think this court would be bound by the majority. I will say, just in conclusion, how thrifty an analysis may be, and how quick an order may be, I don't think this court has ever issued an order after one party necessarily just filed an opening brief. The local rule required that there be a reply opportunity given to the defendant, local rule 7.1, that didn't happen. So I think that there is something that could be gleaned here from the level of what we would call subcursory review, and for those reasons, we would respectfully ask that this case be remanded. Thank you. Thank you very much, counsel. The case is taken under advisement, and the court will be